34 C.C.P.A.(Patents)

### Application of ALDEN.

Patent Appeal No. 5229.

Court of Customs and Patent Appeals.
Feb. 10, 1947.

Strauch & Hoffman, of Washington, D. C. (James E. Nolan, James A. Hoffman, J. Matthews Neale, and William A. Strauch, all of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner in rejecting claims 34 to 37, inclusive, of appellant's application for a patent on axle construction on the ground of lack of invention over the prior art. Claims 31, 32 and 33 were allowed.

The application relates to a two-speed axle drive especially adapted for use in trucks or heavy-duty structures. The modification with which we are here concerned is only one of the features covered by the application and is a divided subject matter from a long application with six pages of drawings.

We find difficulty in describing the alleged invention although the issue presented here is found to be quite simple. The invention is described in the specification, in the decision of the examiner, and in the brief of the Solicitor for the Patent Office by referring to various numerals indicating elements of Fig. 1a of appellant's drawing, which modification was elected for prosecution in the instant application. The drawing is so complicated and is so indistinct in the record before us that its reproduction here and citation of the numerals referred to in the descriptions of it here above enumerated would not be helpful.

It seems to be the position of both parties that the issue is simplified to a consideration of the disclosure in the instant application and certain disclosures in the three references cited, which requires no detailed description of the relation of the various elements and requires no reference to the drawing.

Claim 34 was regarded as illustrative by the board and is so regarded by us and follows:

"34. A heavy duty single reduction truck axle having a materially greater speed reduction than a standard pleasure car axle, comprising a housing having a pair of opposed axle arms and a forwardly directed pinion shaft portion, a pair of axle shafts journalled in said axle arms; a rotor mounted for rotation in said housing concentrically with respect to said axle shafts; a hypoid ring gear carried by said rotor; a pinion shaft mounted in said pinion supporting portion of said housing for rotation about an axis materially offset from the axis of said rotor and said axle shafts; a hypoid pinion on said pinion shaft meshing with said hypoid ring gear carried by said rotor; a casing journalled within said rotor; a selectively shiftable planetary gear mechanism disposed in said rotor and operable to transmit power from said rotor to said casing at either a one-to-one ratio or an overdrive ratio; and a differential mechanism in said casing for transmitting power from the latter to said axle shafts, said hypoid pinion and ring gear having a speed reduction which is sufficiently great to adequately handle heavy truck loads when said planetary gear mechanism is transmitting power at said one-to-one ratio."

The references relied upon are:

Snow, 2,225,720, December 24, 1940;

Spicacci, 2,142,575, January 3, 1939;

Starr, 2,068,438, January 19, 1937.

What appellant has done is to place in a two-speed axle differential a hypoid gear and ring. The two patents cited, Snow and Starr, both show two-speed differentials driven by sun and ring gears. It is clear from the teachings of Spicacci that he contemplated the use of a hypoid gear for the reason that the size of the same and the elements of which it was made could be reduced to the point where there would be more road clearance and less space taken up by the gearing device.

The sole question presented is whether or not it involved invention to place the hypoid gear, such as Spicacci used in a single speed axle, into a double speed axle in which formerly there had been used other kinds of gears which, owing to their nature, took up more space.

Appellant, by the use of the hypoid gear in his construction, has been able to reduce the diameter of the gear from seventeen inches to thirteen inches, which obviously is desirable and is a new and useful result. That this is true seems not to be questioned by the Patent Office.

It was held by the examiner and by the board, however, that in view of the teachings of Spicacci it did not require the exercise of the inventive faculty to place the hypoid gear, such as Spicacci uses, into the two-speed differential driven by sun and ring gears, such as is shown by Snow or by Starr.

The advantages derived by making the said gear substitution are stressed by appellant as being:

"1. The size of a two speed axle is reduced to that of a single speed axle.

"2. Many parts made for use in a single speed axle can be employed interchangeably in a two speed or a single speed construction.

"3. An efficient and durable direct drive having a sufficiently reduced speed ratio to handle truck or like heavy loads in direct drive is secured in spite of the reduction in size of the two speed axle.

"4. Conversion from a single speed to a two speed axle is facilitated."

The Solicitor points out that these advantages all flow from the conception that a reduction in the size by the use of hypoid gears will accomplish these purposes and that after all it was a question of size which brings about the desired result.

We agree with the view of the Patent Office tribunals that in view of Spicacci's disclosure there was no inventive conception in arriving at the conclusion that these objectives could be accomplished by the use of a smaller gear that would mesh into smaller parts and thus reduce the size of the assembly.

This is not a case, in our opinion, where an unexpected result flowed from the substitution of an element in one machine into another such as warrants the conclusion that patentable invention was involved. It seems to us that what appellant has done is clearly within the realm of those skilled in the art and that such skilled persons should not be fettered in their experiments and accomplishments by unwarranted patent restrictions.

Appellant has complained that the board misunderstood the teachings of the Spicacci patent and much space in his brief is devoted to this question. We find it unnecessary to enter into a discussion of this argument because it is clear to us that the tribunals below were not in error in their holdings that Spicacci taught the desirability of using a hypoid gear in an axle differential and that it is implicit in his teachings that one of the advantages that flowed from such use was compactness as well as an adaptability to the use therewith of smaller ring gears and the consequent possibility of greater road clearance. Spicacci obviously discloses that a smaller ring gear could be used with the hypoid pinion and this within itself would be a reduction in diameter and size of the parts.

We think that one skilled in the art would, without the exercise of the inventive faculty, realize, as has appellant, that where smaller parts and compactness are desired the hypoid gearing would readily lend itself to the accomplishment of these ends.

Two affidavits by automotive engineers were submitted to the examiner which purport to support appellant's contention that his alleged invention is a ma-

terial improvement over axles which have heretofore been commercially used. These affidavits point out the respects in which those improvements are alleged to reside. These stated facts seem not to be in controversy. That an improved result has been produced by appellant is not denied. In many cases affidavits as to the amount of improvement are helpful in determining the presence of invention, but where, regardless of the degree of improvement, it is clear that the same was made while in the mere exercise of mechanical skill, such affidavits are not of importance on the question of invention.

We think the decision of the board affirming the action of the examiner in rejecting the appealed claims upon the art cited was proper, and its decision is affirmed.

Affirmed.